**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**BROWARD DIVISION**

**CASE NO. 0:20-cv-61125**

ZELMA MCGRADY and
CHARNELL HUGGINS,

        Plaintiffs,

v.

BPCL MANAGEMENT, LLC D/B/A
BAHAMAS PARADISE CRUISE LINE;
CRUISE OPERATOR, INC. D/B/A BAHAMAS
PARADISE CRUISE LINE; AND PARADISE
CRUISE LINE OPERATOR LTD. INC.
D/B/A BAHAMAS PARADISE CRUISE LINE

        Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, sue Defendants, BPCL MANAGEMENT, LLC d/b/a BAHAMAS PARADISE CRUISE LINE; CRUISE OPERATOR, INC. d/b/a BAHAMAS PARADISE CRUISE LINE; and PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMAS PARADISE CRUISE LINE and state:

**JURISDICTION AND VENUE**

1.    At all times material hereto, Plaintiff, ZELMA MCGRADY, is and was a resident of Palm Beach County, Florida.

2.    At all times material hereto, Plaintiff, CHARNELL HUGGINS, is and was a resident of Palm Beach County, Florida.

3. At all times material hereto, Defendant, BPCL MANAGEMENT, LLC, d/b/a BAHAMAS PARADISE CRUISE LINE is a corporation with its principal place of business in Florida and is subject to the jurisdiction and venue of this Court and service can be had on its registered agent at 100 W. Cypress Creek Road, Suite 640, Fort Lauderdale, Florida 33309.

4. At all times material hereto, Defendant, CRUISE OPERATOR, INC. d/b/a BAHAMAS PARADISE CRUISE LINE is a corporation with its principal place of business in Florida and is subject to the jurisdiction and venue of this Court and service can be had on its registered agent at 100 W. Cypress Creek Road, Suite 640, Fort Lauderdale, Florida 33309.

5. At all times material hereto, Defendant, PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMAS PARADISE CRUISE LINE is a corporation with its principal place of business in Florida and is subject to the jurisdiction and venue of this Court and service can be had on its registered agent at CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

6. Plaintiffs have complied with all pre-suit requirements of the passenger ticket contract.

7. The causes of action in this complaint arise under the general maritime law of the United States.

8. This matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C §1332.

9. At all times material to this action, each of the Defendants owned, operated, managed, supervised and controlled the ocean-going passenger vessel known as the Grand Celebration.

10. On or about June 21, 2019, the Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, were lawfully on board the vessel Grand Celebration as passengers, customers and/or business invitees.

11. At all times material to this action, Defendants owed Plaintiffs a duty to exercise reasonable care in all the circumstances, including following all reasonable safety precautions for passengers including, but not limited to Plaintiffs while Plaintiffs were aboard the ship.

## **FACTUAL ALLEGATIONS**

12. While on the Grand Celebration cruise ship for a family reunion, Plaintiff, ZELMA MCGRADY, was sitting on her rollator walker and being pushed by her granddaughter, CHARNELL HUGGINS, on the sixth floor.

13. As Plaintiffs traversed through the hallway, the two front wheels of the walker hit an elevated and loose metal "Watch Your Step" door sill on the floor.

14. As a result, the walker's rear wheels came up and caused the walker and Plaintiff, ZELMA MCGRADY, to flip backward and land directly on her back and head and caused Plaintiff, CHARNELL HUGGINS, to also fall on the floor next to her grandmother.

## **COUNT I: NEGLIGENCE BY BPCL MANAGEMENT, LLC**

15. Plaintiffs incorporate the allegations in paragraphs 1 through 14 as though alleged herein.

16. That on or about June 21, 2019, Defendant, BPCL MANAGEMENT, LLC d/b/a BAHAMAS PARADISE CRUISE LINE, owed its passengers, customers and/or business invitees the following duty of care:

a.) To properly maintain its hallways and floors in about the ship.

b.) To provide a safe and secure environment and appropriate flooring in and about the ship.

c.) To exercise reasonable care to maintain the premises in a reasonably safe condition.

d.) To inspect and correct dangerous conditions that Defendant knew of or should have reasonably known of; and

e.) To give timely notice of any patent, latent or concealed dangerous conditions that Defendant knew of or should have reasonably known of.

17. That on or about June 21, 2019, Defendant BPCL MANAGEMENT, LLC d/b/a BAHAMAS PARADISE CRUISE LINE, by and through authorized representatives or employees breached its duties to Plaintiffs by:

a.) Failing to adequately and properly maintain the hallways and floors in and about the ship which created a dangerous condition.

b.) Failing to provide a safe and secure environment by allowing a door sill on the floor to be elevated and loose which created a dangerous condition for passengers to walk thereon.

c.) Failing to adequately and properly maintain the real property in and about the ship utilized by passengers in a safe, suitable and secure condition by not removing a dangerous door sill on the floor which was permitted to remain for

        an unreasonable length of time, or to protect areas in which passengers were obliged to walk, without any warning, creating a dangerous condition.

        d.) Failing to inspect and correct dangerous conditions that Defendant knew of or should have reasonably known of.

        e.) To give timely notice of the aforementioned dangerous conditions and/or of patent, latent or concealed dangerous conditions that Defendant knew of or should have reasonably known of; and

        f.) Failing to take adequate safety measures and precautions to protect passengers such as Plaintiffs from the dangerous condition/concealed perils as set forth herein.

    18.    Defendant, BPCL MANAGEMENT, LLC d/b/a BAHAMAS PARADISE CRUISE LINE, knew and/or in the alternative should have known of the aforesaid dangerous conditions in and about the ship for which it had a duty to the public to maintain, but failed to warn and/or notify Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, of said dangerous condition.

    19.    That as a direct and proximate result of the aforementioned negligence on the part of the Defendant, BPCL MANAGEMENT, LLC d/b/a BAHAMAS PARADISE CRUISE LINE, Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, did fall violently to the ground, and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment.  The losses are either permanent or continuing and Plaintiffs will suffer losses in the future.

**WHEREFORE**, Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, demand judgment against the Defendant, BPCL MANAGEMENT, LLC d/b/a BAHAMAS PARADISE CRUISE LINE, for damages in excess of the minimal jurisdictional limits of this court and further demands a jury trial of all issues so triable as a matter of right.

### COUNT II: NEGLIGENCE BY CRUISE OPERATOR, INC.

20. Plaintiffs incorporate the allegations in paragraphs 1 through 14 as though alleged herein.

21. That on or about June 21, 2019, Defendant, CRUISE OPERATOR, INC. d/b/a BAHAMAS PARADISE CRUISE LINE, owed its passengers, customers and/or business invitees the following duty of care:

a.) To properly maintain its hallways and floors in about the ship.

b.) To provide a safe and secure environment and appropriate flooring in and about the ship.

c.) To exercise reasonable care to maintain the premises in a reasonably safe condition.

d.) To inspect and correct dangerous conditions that Defendant knew of or should have reasonably known of; and

e.) To give timely notice of any patent, latent or concealed dangerous conditions that Defendant knew of or should have reasonably known of.

22. That on or about June 21, 2019, Defendant CRUISE OPERATOR, INC. d/b/a BAHAMAS PARADISE CRUISE LINE, by and through authorized representatives or employees breached its duties to Plaintiffs by:

a.) Failing to adequately and properly maintain the hallways and floors in and about the ship which created a dangerous condition.

b.) Failing to provide a safe and secure environment by allowing a door sill on the floor to be elevated and loose which created a dangerous condition for passengers to walk thereon.

c.) Failing to adequately and properly maintain the real property in and about the ship utilized by passengers in a safe, suitable and secure condition by not removing a dangerous door sill on the floor which was permitted to remain for an unreasonable length of time, or to protect areas in which passengers were obliged to walk, without any warning, creating a dangerous condition.

d.) Failing to inspect and correct dangerous conditions that Defendant knew of or should have reasonably known of.

e.) To give timely notice of the aforementioned dangerous conditions and/or of patent, latent or concealed dangerous conditions that Defendant knew of or should have reasonably known of; and

f.) Failing to take adequate safety measures and precautions to protect passengers such as Plaintiffs from the dangerous condition/concealed perils as set forth herein.

23.   Defendant, CRUISE OPERATOR, INC. d/b/a BAHAMAS PARADISE CRUISE LINE, knew and/or in the alternative should have known of the aforesaid dangerous conditions in and about the ship for which it had a duty to the public to maintain, but failed to warn and/or notify Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, of said dangerous condition.

24. That as a direct and proximate result of the aforementioned negligence on the part of the Defendant, CRUISE OPERATOR, INC. d/b/a BAHAMAS PARADISE CRUISE LINE, Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, did fall violently to the ground, and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiffs will suffer losses in the future.

**WHEREFORE**, Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, demand judgment against the Defendant, CRUISE OPERATOR, INC. d/b/a BAHAMAS PARADISE CRUISE LINE, for damages in excess of the minimal jurisdictional limits of this court and further demands a jury trial of all issues so triable as a matter of right.

**COUNT III: NEGLIGENCE BY PARADISE CRUISE LINE OPERATOR LTD. INC.**

25. Plaintiffs incorporate the allegations in paragraphs 1 through 14 as though alleged herein.

26. That on or about June 21, 2019, Defendant, PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMAS PARADISE CRUISE LINE, owed its passengers, customers and/or business invitees the following duty of care:

a.) To properly maintain its hallways and floors in about the ship.

b.) To provide a safe and secure environment and appropriate flooring in and about the ship.

c.) To exercise reasonable care to maintain the premises in a reasonably safe condition.

    d.) To inspect and correct dangerous conditions that Defendant knew of or should have reasonably known of; and

    e.) To give timely notice of any patent, latent or concealed dangerous conditions that Defendant knew of or should have reasonably known of.

27.    That on or about June 21, 2019, Defendant PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMAS PARADISE CRUISE LINE, by and through authorized representatives or employees breached its duties to Plaintiffs by:

    a.) Failing to adequately and properly maintain the hallways and floors in and about the ship which created a dangerous condition.

    b.) Failing to provide a safe and secure environment by allowing a door sill on the floor to be elevated and loose which created a dangerous condition for passengers to walk thereon.

    c.) Failing to adequately and properly maintain the real property in and about the ship utilized by passengers in a safe, suitable and secure condition by not removing a dangerous door sill on the floor which was permitted to remain for an unreasonable length of time, or to protect areas in which passengers were obliged to walk, without any warning, creating a dangerous condition.

    d.) Failing to inspect and correct dangerous conditions that Defendant knew of or should have reasonably known of.

    e.) To give timely notice of the aforementioned dangerous conditions and/or of patent, latent or concealed dangerous conditions that Defendant knew of or should have reasonably known of; and

f.) Failing to take adequate safety measures and precautions to protect passengers such as Plaintiffs from the dangerous condition/concealed perils as set forth herein.

28. Defendant, PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMAS PARADISE CRUISE LINE, knew and/or in the alternative should have known of the aforesaid dangerous conditions in and about the ship for which it had a duty to the public to maintain, but failed to warn and/or notify Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, of said dangerous condition.

29. That as a direct and proximate result of the aforementioned negligence on the part of the Defendant, PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMAS PARADISE CRUISE LINE, Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, did fall violently to the ground, and suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment.  The losses are either permanent or continuing and Plaintiffs will suffer losses in the future.

**WHEREFORE**, Plaintiffs, ZELMA MCGRADY and CHARNELL HUGGINS, demand judgment against the Defendant, PARADISE CRUISE LINE OPERATOR LTD. INC. d/b/a BAHAMAS PARADISE CRUISE LINE, for damages in excess of the minimal jurisdictional limits of this court and further demands a jury trial of all issues so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all matters so triable.

By: /s/ Gary D. Gelch
GARY D. GELCH
Florida Bar No. 0059048
GELCH & ASSOCIATES, P.A.
Attorneys for Plaintiffs
8751 W. Broward Blvd., Suite 305
Plantation, FL 33324
Telephone: (954) 424-6100
Facsimile:  (954) 424-6112
serviceofcourtdocument@gelchlaw.com